PER CURIAM.
We affirm the trial court’s finding of a violation of section 517.301, Florida Statutes (1985), for the last half of the College Square investment. Based on the evidence, the trial court could have concluded that the oversheltering began in 1986, after the Davis’ income had dropped. We also affirm the trial court’s use of the date of the verdict to begin the running of prejudgment interest. See, e.g., H & S Corp. v. United States Fidelity & Guar. Co., 667 So.2d 393, 398-99 (Fla. 1st DCA 1995). The jury’s determination of damages on the negligence counts matched the loss calculated by the Davis’ expert. The expert’s calculations took into account years of investing, tax write-offs the Davis’ utilized as a result of the investments, as well as distributions and earnings. The expert did not attempt the complex determination which would have gone into a prejudgment interest computation.
On the cross-appeal, we reverse the trial court’s determination that appellees were “not the prevailing party” on the Chapter 517 claims in the “Schreiber/Beauclere Village” suit. Appellees were the prevailing party in that suit within the meaning of section 517.211(6), Florida Statutes (1985). On remand, the trial court shall award attorney’s fees for the Chapter 517 portions of that lawsuit, unless the court finds that “the award of such fees would be unjust.” § 517.211(6), Fla. Stat. (1985). The trial court did not reach this latter issue because of its finding that appellees were not the prevailing party. Any award of fees should be offset against the award to which appellants are entitled as a result of being the prevailing party on the Chapter 517 issues in the “College Square” suit.
Affirmed in part; reversed in part and remanded.
KLEIN, GROSS and HAZOURI, JJ., concur.